THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FELIPE DÍAZ RIVERA, Defendant and Appellant.

Nos. 11703 and 11704. Argued February 12, 1947.—Decided March 18, 1947.

*J. Acosta Acosta* for appellant. *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

ON RECONSIDERATION

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiff-appellant has moved for a reconsideration of the judgment rendered by us on February 24, 1947, whereby

we affirmed the judgments entered by the District Court of Bayamón on February 20, 1946, in the two cases mentioned above. In the motion for reconsideration our attention is called to the fact that the appellant alleged in the second assignment, as an error committed by the trial court, that "the judge of the trial court denied defendant's counsel the right to argue his case," thus depriving the defendant of his constitutional right to be duly represented by counsel, which includes the right of the latter to argue the case orally.

Since the said assignment was included in the charge made by the appellant against the trial judge of having acted with passion, prejudice, and partiality, we did not consider that assignment, inasmuch as the same constitutes an error of law rather than a showing of passion, prejudice, or partiality.

Upon examining the stenographic record of those cases, which were tried jointly, we find that the incident on which the assignment is based, occurred as follows:

"Attorney Acosta Acosta: We wish to argue the case.

"Judge: No. This is a misdemeanor case. If you are going to make a speech on it, it is an old story. It is not the first time that it is told.

"Attorney Acosta Acosta: But it is not an old story.

"Judge: But I have not believed any of the witnesses of the defense—only the policeman. The court finds the defendant guilty of the offense of carrying a weapon and sentences him to three months in jail on that charge, and finds him guilty of the offense of carrying firearms without having registered the same and sentences him to two months in jail."

In the case of *People* v. *Vargas*, 44 P.R.R. 150, a situation similar to the one herein was presented to this Court. There, as here, the District Court of Ponce refused to permit defendant's counsel to argue his case. The prosecuting attorney of this Court agreed with the appellant; and in reversing the judgment and ordering the holding of a new trial, this Court speaking through Mr. Chief Justice Del Toro, to quote from the syllabus, said:

"The right of the accused to have the assistance of counsel for his defense includes the argument of the case by counsel. To deny this right is reversible error."

The prosecuting attorney of this Court, upon being served with a copy of the motion for reconsideration, has filed a report submitting the question for decision by this Court "in view of the circumstances of the case."

There is no doubt that the courts have power to limit reasonably and in accordance with the circumstances of each case, the time during which counsel must submit their arguments on the merits; but to deny absolutely to counsel for defendant the right to argue the case orally before submitting it for decision by the court, constitutes a grave error, prejudicial to the rights of the accused and, in our judgment, is sufficient to justify a reversal of the judgment.

For the reasons stated we will reconsider and set aside the judgment rendered on February 24, 1947, and reverse the judgments appealed from, remanding the cases to the District Court of Bayamón for a new trial.